UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD BRUNETTE, JR.,

                Plaintiff,

v.                                             Case No. 23-cv-1742-pp

BROWN COUNTY JAIL
and BROWN COUNTY JAIL
HEALTH CARE PROVIDER

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Ronald Brunette, Jr., an individual who previously was incarcerated at the Brown County Jail[1] and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide adequate medical care. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the

---

[1] On February 23, 2024, the court received notice from the plaintiff that he is no longer incarcerated. Dkt. No. 7. He provided a mailing address in Green Bay. Id.

plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On January 18, 2024, the court ordered that the plaintiff would not be required to pay an initial partial filing fee. Dkt. No. 6. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the full $350 filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names as defendants the Brown County Jail and the jail's "Health Care Provider." Dkt. No. 1 at 1. The plaintiff alleges that on August 27, 2023, while he was incarcerated at the jail, Corporal Leyendecker used a taser on the plaintiff while he was "trying to break up a fight between 2 inmates [he] knew." Id. at 2. He says that while doing so, he "was closedline [*sic*] by another inmate which resulted in [him] shoving the inmate." Id. The plaintiff says that the Brown County sheriff then "came to defuse the situation." Id. The plaintiff says he "was order [*sic*] to lock up, and refuse to lock down because [he] was angry at the inmate who ass[a]ulted [him] for trying to break up the fight." Id. The plaintiff alleges that he "was ordered to put [his] hands on [his] head, but due to a prior injury [he] was prevented from doing so." Id. at 2–3. He explains that he has "a torn bicep[s] and torn shoulder muscle" that make it difficult for

him to raise his right arm above his head. Id. at 3. The plaintiff alleges that "the officer ordered [him] to get on the ground in which they [*sic*] claim [he] refuse[d], but the only reason [he] didn't get down is because [he] was afraid [he] would be attacked again and [his] (Anxiety) start to settle in and [he] lost train of thought." Id. The plaintiff explains that he takes medication for anxiety and depression. Id.

The plaintiff asserts that "[t]he reason [he is] seeking relief is because [he] was denied medical attention for at lease [*sic*] 3[]months." Id. He alleges that he "was just seen by an outside doctor about a week ago," which he says was December 12, 2023. Id. The plaintiff says he requested medical attention "a couple days after being placed in seg[,] which was 8/27/23." Id. The plaintiff alleges that he spoke with a nurse on August 30, 2023, "but the nurse didn't check out [his] arm to see if [his] injury needed immedate [*sic*] medical attention because [he] was feeling pain in [his] left arm due to being tase[d]." Id.

The plaintiff attached to the complaint a document titled "Notice of Claim Pursuant to Wis. Stat. §893.80." Id. at 5. This document alleges that the plaintiff "was tased by a Brown County Corrections Officer acting in his official capacity which caused injury to [his] left arm." Id. It also alleges that the plaintiff "was refused medical treatment by the Jails [*sic*] medical staff for injury [he] incurred as a result of being tased." Id. The plaintiff says that "as a result of the aforementioned negligence on the part of Brown County Jail Staff [and] the Jails [*sic*] health care provider," he seeks damages "in an amount yet to be ascertained." Id. The plaintiff also attached grievances he filed at the jail about these issues. Dkt. No. 1-1.

The plaintiff seeks monetary damages. Dkt. No. 1 at 4. He also "would like the [B]rown County Jail Staff to follow the facility's protocol when an

inmate request medical attention, because [he] was denied medical attention in a time of need." Id.

### C. Analysis

The complaint does not name a proper defendant. Under §1983, a plaintiff may sue only *persons* who, while acting under color of law, violate an individual's rights. The complaint mentions several people—Corporal Leyendecker, the Brown County Sheriff, an unnamed officer and an unnamed nurse. But it does not name any of the individual persons as defendants, and the plaintiff does not say whether he wants to proceed on a claim against them. The complaint names the Brown County Jail and the jail's "Health Care Provider" as defendants. But the jail is not a "suable entity," Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); it is a unit of the Sheriff's Department, which itself is not suable, see Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The court will not allow the plaintiff to proceed on a claim against the jail.

It is not clear who the plaintiff means to sue by naming the jail's "Health Care Provider." Maybe he intended to sue a corporation that provides healthcare to persons incarcerated at the jail. But a private corporation that has contracted to provide government services, such as health care for prisoners, "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014). The plaintiff does not allege that he was denied healthcare because of a policy or custom. In fact, he asks the court to order the jail to ensure that its medical staff *follow* protocols for providing medical care. That suggests that the

plaintiff believes that the "Health Care Provider" failed to follow jail policy, not that the policy led to the violation of his rights.

The plaintiff could have intended to name the specific provider he saw who he says refused or failed to provide him treatment. But the plaintiff does not name as a defendant any person who meets that description. He says that a nurse saw him only three days after he was placed in segregation but did not thoroughly examine his arm, which he says is still causing him pain from a past injury. It is not clear whether the plaintiff wants to proceed on a claim against this nurse or against someone else he believes denied him timely medical treatment. He has not named any other person who provided (or failed to provide) him medical treatment.

The complaint does not state a claim because it does not explain *who* the plaintiff wants to sue and *what* that person (or those persons) specifically did or failed to do that violated his rights. But the plaintiff may be able to state a claim if he provides the court with those additional details. The court will give the plaintiff an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The plaintiff must be sure to explain what each person *specifically* did or failed to do that he believes violated his rights. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. **The plaintiff may not refer the court back to his original complaint.** He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Concusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **January 24, 2025**. If the court receives an amended complaint by day's end on January 24, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by day's end on January 25, 2025, the court will dismiss

this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiff must pay the $350 filing fee as he is able.[2]

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide

---

[2] On January 18, 2024, the court issued an order holding that the plaintiff was not required to pay an initial partial filing fee, but explained that if the plaintiff decided to proceed with his case, he would still be responsible for paying the entire $350 filing fee over time as he was able. Dkt. No. 6.

contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 6th day of December, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**